IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN PARKER and ) | |
| JOSEPH PRESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:11cv689-SRW |
| ) | |
| JOSH AND KELLIE JONES d/b/a ) | |
| C.O.P.S. PEST CONTROL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiffs Steven Parker and Joseph Preston bring the present action against defendants Josh and Kellie Jones d/b/a/ C.O.P.S. Pest Control pursuant to the Fair Labor Standards ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*.  This matter is presently before the court on the parties' joint motion for approval of their amended settlement agreement (Doc. # 31), filed on August 13, 2012.[1]  Preston alleges that he was employed by defendants from December 6, 2010, through August 9, 2011, and that defendants misclassified him as an "exempt" employee and thereby wrongfully denied him overtime pay. Parker alleges that defendants employed him from May 2011 through July 26, 2011, and that they failed to pay him time and a half as required by law for hours worked in excess of forty

---

[1] While the court must scrutinize the settlement of the plaintiffs' FLSA claims, court approval is not required for plaintiffs' USERRA claims.  Accordingly, the court need not address the USERRA claims.

per work week. Defendants deny that they are an employer subject to the FLSA or that they violated either plaintiff's rights under the FLSA.

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and employees. <u>Lynn's Food Stores v. United States Dept. of Labor</u>, 679 F.2d 1350, 1352 (11th Cir. 1982). An employee's claim for back wages under the FLSA may be compromised in only two ways: (1) with payment in full of back wages, supervised by the Secretary of Labor, with the employee giving up a right to sue for unpaid wages and liquidated damages; (2) by stipulated judgment entered by a court in an FLSA action brought against the employer, entered after the court has "scrutiniz[ed] the settlement for fairness." <u>Id</u>. at 1352-53. The court may approve a settlement which presents a reasonable compromise over issues that are actually in dispute with regard the pending FLSA claims. <u>Id</u>.

There are actual disputes over plaintiffs' FLSA claims in this matter, including whether defendants are subject to the FLSA at all and, if so, whether Preston is a non-exempt employee covered by the FLSA's overtime provision, and the amount of back pay to which each plaintiff would be entitled. In view of the disputed issues in the FLSA claims of both plaintiffs, the defendants' tenuous financial condition (as represented in the parties' joint motion), and the fact that the parties have agreed to an allocation of settlement proceeds so that both plaintiffs are receiving the full amount of overtime pay and liquidated damages that they would be entitled to recover if they were to prevail on their FLSA claims, the court

concludes that the settlement is a fair and reasonable compromise of the disputed issues and, further, that the amount of the attorney's fee is reasonable.[2] Particularly in view of plaintiffs' representation that they have no potential claims against the defendants other than the FLSA and USERRA claims presently before the court, the court further finds that the release included in the settlement agreement – and for which the plaintiffs will receive separate compensation as part of the settlement of their USERRA claims – does not render the agreement unreasonable. (See Doc. # 31, pp. 9-11; Amended Settlement Agreement, ¶¶ 1, 7, 8).

## CONCLUSION

Accordingly, it is

ORDERED that the joint motion for approval of settlement agreement (Doc. # 31) is

---

[2] The court can envision scenarios in which a contingency fee agreement would render the settlement agreement unreasonable. This is not such a case. The agreed contingency fee of 40% results in a fee of $1,158.00 attributed to Preston's FLSA claim and $51.00 attributed to Parker's, assuming that they would recover fully on those claims. The fee is reasonable, certainly, with respect to the plaintiffs. If the FLSA claims were the only claims in this action, the court might consider the contingency fee to deny adequate compensation to counsel. See Silva v. Miller, 307 Fed. Appx. 349, 351-52 (11th Cir. 2009)("That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions."). However, counsel will also receive a contingency fee under the settlement attributable to the plaintiffs' USERRA claims, which appear from the complaint to be the more significant claims in terms of potential recovery. As to plaintiff Parker, the FLSA claim might not have been brought at all in the absence of the stronger USERRA claim. In view of the facts alleged in the complaint, the representations in the parties' joint motion, and the substantial issues in dispute on the FLSA claims, the court finds the agreed contingency fee to be reasonable.

GRANTED. The court will enter a consent judgment substantially as proposed by the parties to this action.[3] It is further

**ORDERED that the fairness hearing presently scheduled for 10:30 a.m. on August 29, 2012 is hereby CANCELLED.**

DONE, this 27th day of August, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] The proposed consent judgment is Exhibit B to the joint motion for approval of the amended settlement agreement. The court has made minor changes to the wording and format of the consent judgment filed by the parties, but has not altered the substance of the proposed judgment.